# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 09 CR 87-3 |
| v. ) | |
| ) | Judge Joan H. Lefkow |
| MICHAEL BLAIS ) | |

## ORDER

Defendant Michael Blais's motions for sentence reduction under 18 U.S.C. 3582(c)(2) based on Amendments 782 and 794 to the United States Sentencing Guidelines (dkts. 344, 362) are denied. See Statement.

## STATEMENT

On February 26, 2009, a grand jury returned an indictment charging Blais with conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) (count I), attempted possession of cocaine with the intent to distribute it in violation of 21 U.S.C. § 841(a)(1) (count II), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (count III). (*See* dkt. 31). On October 26, 2011, a jury returned a verdict of guilty on counts I–III. (*See* dkt. 216).

On December 23, 2014, the court sentenced Blais to a total of 88 months' imprisonment for counts I–III. (*See* dkt. 338). This included 28 months for each of counts I and II, to be served concurrently, and 60 months for count III. (*Id.*) In calculating Blais's Guidelines range for counts I and II, the court found that pursuant to § 2D1.1(c) of the November 1, 2014 Guidelines, Blais's offense level was 34. The court also placed Blais in a criminal history category of I. (*See* dkt. 339). The combined offense level of 34 and a criminal history category of I yielded a Guidelines range of 151 to 188 months for counts I and II. (*Id.*) Count III also carried a 60-month mandatory minimum sentence. (*Id.*)

Blais now seeks a reduced sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782, which reduced the base offense level for drug offenses under Guidelines § 2D1.1. (*See* dkt. 344). Blais, however, is not eligible for a reduction as Amendment 782 was already in effect at the time of Blais's sentencing. Amendment 782 went into effect on November 1, 2014, and Blais was sentenced on December 23, 2014. Blais was thus sentenced with the benefit of Amendment 782's changes.

Blais also seeks a reduced sentence under 18 U.S.C. § 3582(c)(2) and Amendment 794. (*See* dkt. 362). Although the court may modify a term of imprisonment when the guidelines governing the sentence are subsequently lowered by the Sentencing Commission, Amendment 794 did not lower a sentencing range. Instead, Amendment 794 modified the commentary to Guidelines § 3B1.2. Further, Amendment 794 is not retroactive and went into effect on

November 1, 2015, almost a year after Blais was sentenced. (*See* USSG § 1B1.10 (listing all amendments eligible for retroactive effect)). Blais is therefore not eligible for a reduction under Amendment 794.

Finally, Blais seeks a reduced sentence based on his post-sentencing rehabilitation and the need to care for his ailing mother. (*See, e.g.*, dkt. 344). According to 18 U.S.C. § 3582(b), courts are generally prohibited from modifying a final term of imprisonment. 18 U.S.C. § 3582(b) provides only three exceptions: (1) to modify pursuant to the provisions of 18 U.S.C. 3582(c); (2) to correct pursuant to the provisions of rule 25 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3742; or (3) if appealed and modified, if outside the guideline range, pursuant to 18 U.S.C. § 3742. (18 U.S.C. § 3582(b)(1)-(3)).

As indicated above, Blais does not qualify for a modification of his sentence under 18 U.S.C. § 3582(c). In addition, the other exceptions do not apply. Since Blais's arguments regarding his post-sentencing rehabilitation and ailing mother do not fall within a statutory exception to modifying a final term of imprisonment, no reduction of his sentence based on these factors is permissible.

Thus, Blais is not entitled to relief and his motions are denied.

Date: January 16, 2018   _____
U.S. District Judge Joan H. Lefkow